UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. |
| v. | : |
| MARIO MARES, | : VIOLATIONS: |
| | : 18 U.S.C. § 1752(a)(1) and (b)(1)(A) |
| | : (Entering and Remaining in a Restricted |
| Defendant. | : Building or Grounds with a Deadly or |
| | : Dangerous Weapon) |
| | : 18 U.S.C. § 1752(a)(2) |
| | : (Disorderly and Disruptive Conduct in a |
| | : Restricted Building or Grounds) |
| | : 40 U.S.C. § 5104(e)(1) |
| | : (Unlawful Possession of a Firearm on |
| | : Capitol Grounds or Buildings) |
| | : 40 U.S.C. § 5104(e)(2)(D) |
| | : (Disorderly Conduct in a Capitol Building) |

## MOTION TO SEAL CRIMINAL INDICTMENT AND ASSOCIATED DOCUMENTS

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Indictment and associated documents in the above-captioned matter, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion. In support thereof, the government states as follows:

1. The United States is investigating allegations that Mario Mares committed several criminal offenses on January 6, 2021, including violations of 18 U.S.C. §§ 1752(a)(1), (b)(1)(A), and (a)(2), (Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority with a Deadly or Dangerous weapon; Disorderly or Disruptive Conduct in any Restricted Building or Grounds) and 40 U.S.C. §§ 5104(e)(1) and (e)(2)(D) (Unlawful Possession of a Firearm on

1

Capitol Grounds or Buildings; Disorderly or Disruptive Conduct, at any place in the Grounds or in any of the Capitol Buildings).

2. This investigation is ongoing; premature disclosure of the charging documents may risk hampering those efforts or lead to the destruction of evidence. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

2. As stated in *Washington Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" *Id.* at 290 (quoting *Oregonian Pub. Co. v. United States Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990)).

3. In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant. A limited sealing order ensuring that filings related to the Indictment and Arrest Warrant are not accessible from the Court's public files until the defendant is arrested is narrowly tailored to serve a compelling interest.

4. Furthermore, the United States respectfully submits that complying with the normal notice requirements of *Washington Post* would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing an Indictment, means that the defendant is charged with a crime, and the Government intends to arrest him. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Complaint and Arrest Warrant.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest

Warrant, the Indictment, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:   /s/ Katherine E. Boyles
        Katherine Boyles
        Assistant United States Attorney
        D. Conn. Fed. Bar No. PHV20325
        Katherine.Boyles@usdoj.gov
        Phone: 203-931-5088
        United States Attorney's Office
        601 D Street NW
        Washington, D.C. 20001