UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 1:23-cr-00252-ACR |
| : | |
| **MARIO MARES,** : | |
| : | |
| **Defendant.** : | |

**JOINT PROPOSED PRETRIAL SCHEDULING ORDER**

Trial is set to commence in this matter on **September 16, 2024**, at 9:30 a.m. in Courtroom 12. The following deadlines shall govern pretrial proceedings:

1. The parties shall file their Rule 12(b)(3)(A)–(D) pretrial motions by **July 26, 2024**. Oppositions shall be filed by **August 9, 2024**; and replies by **August 16, 2024**.

2. The parties shall file their motions *in limine*, if any, on or before **August 5, 2024**; oppositions shall be filed on or before **August 19, 2024**; and replies shall be filed on or before **August 26, 2024**.

3. Before filing a pretrial motion, the Parties shall meet and confer to discuss whether any issues presented by the motion can be resolved by agreement of the Parties.

4. The United States shall notify Defendant of its intention to introduce any Rule 404(b) evidence not already disclosed and any intended expert witness pursuant to Rule 16(a)(1)(G) on or before **August 5, 2024**. Any reciprocal expert disclosure shall be made by the Defendant by **August 16, 2024**.

5. The United States should endeavor to make grand jury and Jencks Act disclosures as to each witness it expects to call in its case-in-chief on or before

**August 22, 2024**.  Any *Brady* material not already disclosed also must be disclosed by this date.

6. On or before **August 29, 2024**, counsel shall file a Joint Pretrial Statement that contains the following:

   a. <u>A neutral statement of the case.</u>  The Parties shall include a neutral statement of the case for the Court to read to prospective jurors.

   b. <u>Proposed *voir dire* questions.</u>  The Parties shall indicate:

      i. the *voir dire* questions on which they agree; and

      ii. the *voir dire* questions on which they disagree with specific objections and relevant legal authority noted below each disputed question.

   c. <u>Proposed jury instructions</u>.  The Parties shall submit a single list of proposed jury instructions, followed by the text of each proposed instruction, that indicates:

      i. the instructions on which the parties agree; and

      ii. the instructions on which the parties disagree, with specific objections noted below each disputed instruction; and the proposed instruction's source (*e.g.*, the Red Book, Mathew Bender's Federal Jury Instructions) or, for modified or new instructions, supporting legal authority.

   Proposed instructions may be updated as needed to reflect the evidence presented at trial.  Absent a showing of good cause, no

other modifications will be permitted.

d. <u>List of witnesses.</u>  The Parties shall identify the witnesses that each side anticipates it may call in its case-in-chief, divided into the following categories:

   i. witnesses who will be called to testify at trial;

   ii. witnesses who may be called to testify at trial.

In the list, each witness's name should be accompanied by a brief description of each witness's expected testimony and area of expertise, if applicable, and whether the witness is being called as an expert, summary, or fact witness, followed by specific objections, if any, to each witness. The Defense may later adjust its witness list based on impeachment purposes or defense strategy adjustments.

e. <u>Exhibit lists.</u>  The Parties shall include an exhibit list (including demonstratives, summaries, or other specially prepared exhibits), which includes:

   i. the exhibit number for each file (video, picture, document);

   ii. the date of the file or document;

   iii. a brief description of the file or document;

   iv. a concise statement of the asserted basis for admissibility; and

   v. whether there is an objection to admission of the document and, if so, a concise statement of the basis for the objections. The parties must be prepared to raise objections to any proposed witnesses and exhibits at the Pretrial status conference

3

      f. <u>Stipulations.</u> The Parties shall submit a draft of all stipulations.

      g. <u>Proposed verdict form</u>. The Parties shall include a draft verdict form, including any special interrogatories. The draft verdict form should include a date and signature line for the jury foreperson.

      h. The Parties must submit an electronic version of all proposed *voir dire* questions, jury instructions, and verdict forms in Word format by emailing them to Chambers at Chashawn_White@dcd.uscourts.gov. The jury instructions section must be formatted so that each individual jury instruction begins on a new page.

7. If the trial format changes to a bench trial, the jury instructions may be replaced by a Memorandum of Law submitted by each party that identifies the required elements of each crime, with definitions and supporting authority, that the prosecution must prove beyond a reasonable doubt to obtain a guilty verdict. The due date will be based on the decision to waive a jury trial.

8. The Government shall deliver to opposing counsel, in electronic format (either by disc or thumb drive or a digital "cloud" accessible version in USAfx), a copy of its exhibits, marked by exhibit number, by **August 29, 2024**, except that any exhibits not readily available in electronic format (e.g., the exhibit is a physical object) need not be submitted. The Defense shall provide its exhibits to the Government by **September 3, 2024** in a Government-provided USAfx folder. Both parties shall provide a thumb drive with pre-marked digital exhibits to the Court Deputy on **September 16, 2024**, with a final version that includes any

additional or impeachment exhibits provided at the end of the trial.

9. The Parties shall meet and confer about exhibits and witnesses by **September 4, 2024**, to discuss anticipated objections and stipulations for admission.

10. The Court will schedule hearings on any motions filed by the Parties as necessary.

11. In addition, counsel shall appear on **September 9, 2024**, at ___ p.m., by remote video for a Pretrial Status Conference.

It is so **ORDERED.**

Date: _____          _____
                                       Hon. Ana C. Reyes
                                       United States District Court Judge