UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-cr-252 (ACR) |
| | : | |
| MARIO MARES, | : | |
| | : | |
| Defendant. | : | |

**SUPPLEMENTAL BRIEFING IN RESPONSE TO COURT'S 9/17/24 ORDER**

The Court invited the parties to brief two questions: (1) "whether 18 U.S.C. § 1752(c) is both jurisdictional and an element of § 1752"; and (2) "if so, whether the 'knowingly' requirement in § 1752(a) carries through to § 1752(c)." 9/17/24 Minute Order. The government will address these questions in reverse order.

*First*, the Supreme Court's decision in *United States v. Feola*, 420 U.S. 671 (1975), squarely addressed the second question above: a requirement does not stop being jurisdictional for *scienter* purposes simply because the requirement, in addition to bringing a defendant's conduct within Congress' Article I reach, is also "an element of the offense Congress intended to describe and to punish." *Id.* at 676 n.9. Nor could the rule be otherwise: as *Feola* explained, requirements are "jurisdictional" "precisely because [they] implicate[] factors that are an appropriate subject for federal concern," that is, because they represent substantive areas of federal interest. *Id.* (emphasis added). That was the case for the federal-victim requirement in the assault statute (18 U.S.C. § 111) at issue in *Feola*. The same is true of the federal-protectee requirement at issue in 18 U.S.C. §1752(c)(1)(B). The relevant question for *scienter* purposes, therefore, is not whether a requirement is both jurisdictional and "an element" of the offense—virtually all jurisdictional elements are both jurisdictional (in the sense that they confer jurisdiction) and substantive "element[s]" (in the sense that they limit Congress' prohibition to a proper federal concern).

1

Rather, as all Justices agreed in *Feola*, the relevant question for *scienter* purposes is whether the requirement is "jurisdictional only," *id.* at 676 n.9—*i.e.*, whether the requirement federalizes an otherwise ordinary crime, as opposed to creating a "federal *aggravated* . . . statute" for federal victims, *id.* at 683 (emphasis added); *id.* at 697 (Stewart, J., dissenting). The "jurisdictional only" nomenclature may be somewhat confusing,[1] but *Feola* makes clear that the term does not exclude elements that are also "substantive," in the sense that they reflect a congressional interest in protecting a particular federal concern.

*Second*, because a requirement's status as both "jurisdictional" and an "element" is beside the point, it does not matter whether Section "1752(c) is both jurisdictional and an element of § 1752." What matters is whether the federal-protectee requirement in subparagraph 1752(c)(1)(B) makes Section 1752 an aggravated form of trespass into restricted areas (§ 1752(a)(1)), of disorderly conduct in restricted areas (§ 1752(a)(2)). For the reasons set forth in prior briefing, the answer is no. Nothing in the 1970 Senate Report suggests otherwise.

   **1. That A Requirement Is Both Jurisdictional And "An Element" Of The Offense Does Not Displace *Feola*'s Presumption Against *Scienter* For Jurisdictional Elements**

*Feola* directly answers the second question in the Court's Minute Order: whether, if a requirement is "both jurisdictional and an element of the offense," *Feola*'s presumption against *scienter* is displaced, so that "the 'knowingly' requirement in § 1752(a) carries through to" subparagraph 1752(c)(1)(B). *Feola*'s answer is no. That presumption is not displaced simply because a requirement is both jurisdictional and "an element" of the offense—it is displaced only when the offense is a federal *aggravated* form of a more general crime that elevates protections for federal victims above the protections ordinarily accorded to other victims. 420 U.S. at 683.

---

[1] "We are content to state the issue this way despite its potential to mislead. Labeling a requirement 'jurisdictional' does not necessarily mean, of course, that the requirement is not an element of the offense Congress intended to describe and to punish." *Id.* at 676 n.9

As the Supreme Court reiterated in *Rehaif v. United States*, jurisdictional requirements "are not subject to the presumption in favor of scienter." 588 U.S. 225, 230 (2019). Over thirty years earlier, *Feola* provided detailed guidance to determine which requirements count as "jurisdictional" for *scienter* purposes. In making that determination, the touchstone is *not* whether the requirement is also "an element of the offense Congress intended to describe and to punish." *Feola*, 420 U.S.C. at 476 n.9. If that were the standard, virtually no requirements—no matter how quintessentially jurisdictional—would trigger the presumption against *scienter*. *Feola* explained why: "a requirement is sufficient to confer jurisdiction on the federal courts for what otherwise are state crimes *precisely because* it implicates factors that are an appropriate subject for federal concern." *Id.* (emphasis added).[2] In other words, when Congress acts consistent with its Article I authority, the statutory facts that trigger federal jurisdiction *necessarily* double as substantive elements and, indeed, necessarily track a substantive federal concern—be it countering an adverse effect on interstate commerce (as in 18 U.S.C. § 922(g)(1)) or protecting federal functions and officials by providing a readily available federal forum (as in 18 U.S.C. §§ 111 and 1752) or protecting federal property (as in 18 U.S.C. §§ 641 and 1361). The jurisdictional elements of many federal statutes track a substantive federal concern. What matters for *scienter* purposes, therefore, is not whether a jurisdictional requirement *also* constitutes a substantive element in some abstract sense. What matters is whether, in addition to providing a federal forum for cases implicating a federal interest, the jurisdictional requirement, combined with the statute's other elements, creates "a federal aggravated" version of an ordinary crime. *Feola*, 420 U.S. at 683.

---

[2] "The significance of labeling a statutory requirement as 'jurisdictional' is not that the requirement is viewed as outside the scope of the evil Congress intended to forestall, but merely that the existence of the fact that confers federal jurisdiction need not be one in the mind of the actor at the time he perpetrates the act made criminal by the federal statute." *Id.*

Both the assault statute at issue in *Feola* and the statute at issue here illustrate the point. In *Feola*, the Court recognized that Section 111's federal-victim requirement was both substantive and carefully aimed at federal interests—in that it reflected Congress' resolve to "protect the integrity of federal functions and the safety of federal officers," as opposed to "a mere general policy of deterring assaults." *Id.* at 676 n.9. But, tellingly, the *Feola* court viewed the requirement's substantive component as a feature—not a bug—in deciding that it was "jurisdictional only" for purpose of *scienter*. *Id.* (finding the requirement jurisdictional only and explaining that, whereas a general policy of deterring assaults "would probably prove to be an undesirable or insufficient basis for federal jurisdiction," Congress' interest in protecting federal functions and federal officers was "sufficient to warrant federal involvement"). Here too, a general policy of deterring trespasses, disorderly conduct, and acts of violence in restricted areas wherever any state or federal government official is temporarily visiting would likely be inadequate to bring the statute under Congress' Article I powers. In contrast, limiting the statute's reach to instances involving federal protectees properly federalized run-of-the-mill prohibitions already "outlawed in some form or other at the State or local level," "so that the Secret Service has authority to prevent such activities." S. Rep. 91-1252, 91st Cong, at 7 (Sept. 29, 1970).

2. **Whether Section 1752(c)(1)(B) Is Construed As "An Element," *Feola*'s Presumption Against *Scienter* Governs Because Section 1752 Is Not An Aggravated Form of Trespass, Disorderly Conduct, or Other Offense**

Whether the federal-protectee requirement in subparagraph 1752(c)(1)(B) is *also* "an element" does not bear on the *scienter* question.[3] The question instead is: does the federal-

---

[3] For purposes of determining *scienter*, it does not matter that a subsection also contains some elements that are clearly not jurisdictional—here, the requirement that the area be "posted, cordoned off, or otherwise restricted." *Id.* § 1752(c)(1). In *Rehaif*, too, Section 924(a)'s "knowingly" requirement attached to some elements of 18 U.S.C. § 922(g)(1) (*i.e.*, the defendant's possession of a firearm and his status as a prohibited person), but not others (*i.e.*, the firearm's nexus to interest commerce).

protectee requirement serve as an aggravator?  The answer is no. *See Feola*, 420 U.S. at 683. Congress did not intend to create an aggravated federal version of trespass, disorderly conduct, or physical violence when it first federalized those offenses in connection with the President's visits in 1971.[4]  Nothing in Congress' subsequent amendments upended that framework.  *See United States v. Mauck*, 23-cr-339, Doc. 56 at 5.[5]

At a recent hearing, the Court queried whether the 1970 Senate Report's references to potential overbreadth and vagueness weighed in favor of finding the federal-protectee requirement insufficiently jurisdictional.  They do not.  For one thing, nothing in the inquiry described in *Feola*, *Rehaif*, and like cases turns on questions of notice or overbreadth.  More fundamentally, the Senate Report's discussion forecloses any suggestion that those concerns were intended to overcome the ordinary presumption against *scienter* for jurisdictional elements.  The Senate Report took pains to outline the many ways in which the bill that became law had been amended to address those concerns.  *See, e.g.*, S. Rep. 91-1252, 91st Cong, at 2-3, 8-9 (Sept. 29, 1970); *id.* at 8 ("The amendments reflect the committee's attempts to provide for that minimum of uniform Federal protection consistent with our free society. Consequently, the scope of the legislation was considerably narrowed.").  And, even then, the Report made clear that the touchstone of criminal liability in connection with the President's temporary visits was knowledge that the area was

---

[4] *See* S. Rep. 91-1252, 91st Cong, at 7 (Sept. 29, 1970) ("[A]lmost everything proscribed in subsection (a) is presently outlawed in some form or other at the State or local level.  Subsection (a) makes these activities a Federal offense so that the Secret Service has the authority to prevent such activities. Moreover, uniform enforcement of a single Federal statute will result in greater protection for the President without any 'chilling effect' on lawful dissent because the limits of that dissent will be clearly drawn."); *id.* ("Each jurisdiction utilizes different criminal statutes, with different elements of crime, which makes Secret Service agents unsure of the legal extent of their authority and makes uniform enforcement impossible"); *id.* at 6 ("S. 2896 is … designed to provide a uniform minimum of Federal jurisdiction for Presidential security[.]").

[5] The government incorporates by reference its related filing regarding the interpretation of 18 U.S.C. § 1752 filed in *United States v. Mauck*, 23-cr-339 at Doc. 56.

restricted—not knowledge of the President's presence.  The Report specifically emphasized that "one of the elements of the crime is that the person 'knowingly and willfully' violates the restricted area"—even though, at the time, there was no standalone definition of "restricted area" and the restricted-area and federal-protectee requirements were entirely separate.  *Id.* at 9.  A notice problem is not a concern for a defendant who knowingly enters an area without lawful authority—let alone when he or she proceeds to engage in disorderly conduct.  18 U.S.C. § 1752(a)(2).

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar Number 481052

By:    /s/ *Katherine E. Boyles*
        Katherine E. Boyles
        Ryan Sellinger
        Assistant U.S. Attorneys
        D. Conn. Fed. Bar No. PHV20325
        United States Attorney's Office
        601 D Street NW
        Washington, D.C. 20001
        Phone: 203-931-5088
        Email: Katherine.Boyles@usdoj.go