UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-cr-252 (ACR) |
| | : | |
| MARIO MARES, | : | |
| | : | |
| Defendant. | : | |

JOINT POST-VERDICT STATUS REPORT

Pursuant to the Court's oral ruling on October 31, 2024, the Court's October 31, 2024 Minute Order, and the Court's November 2, 2024 Modified Minute Order, the parties hereby submit the following post-verdict statement:

I. **Parties' Estimated Guidelines:**

1. The Court ordered the parties to provide the estimated guidelines range for Mr. Mares in light of the Court's October 31, 2024 verdict. The parties agree that, based on available information, Mr. Mares does not have any criminal history that will affect his criminal history score. As detailed below, the parties disagree what Mr. Mares's expected guideline range will be under the U.S. Sentencing Guidelines (hereinafter "U.S.S.G.").

2. *From the defense:* The defense calculates that Mr. Mares's guideline range will be **0-6 months**.

    a. Mr. Mares contends that for Count One, (Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of Title 18, United States Code, Section 1752(a)(1) and (b)(1)(A)), the U.S.S.G. directs to the points as calculated in the Plea Offer:

1

|  |  |  |
|---|---|---|
| U.S.S.G. § 2B2.3 | Base Offense Level | 4 |
| U.S.S.G. § 2B2.3(b)(1) | Restricted grounds | 2 |
| U.S.S.G. § 2B2.3(b)(1) | Firearm was possessed | 2 |

For the total of 8 as the base offense level above, the U.S.S.G gives a Zone A prison range of 0-6 months.

b. Mr. Mares contends that for Count Two (Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of Title l8, United States Code, Section l752(a)(2), the same criteria as (a) above applies. According to counsel, the guidelines "allows U.S.S.G. § 2A2.4 to apply to a Section 1752 offense but § 2A2.4 is clearly labeled as being for 'Obstructing or Impeding Officers.' No evidence showed Mr. Mares coming within 75 – 100 feet of any officer. He was convicted for peaceful presence as part of the crowd on the west side grounds, without even speaking to or being near any officers."

c. "Further, the count/charge in the Indictment and as prosecuted did not include 'with a deadly or dangerous weapon.' <u>To add + 3 here would be in error</u>. Section 2A2.4 clearly requires 'a dangerous weapon (including a firearm) was possessed <u>AND</u> its use was threatened.' (Emphasis added). This never entered the trial under any evidence, because Mr. Mares never threatened anyone in any way, let alone with a firearm. Mere possession as convicted does not allow a +3 enhancement."

d. "The Base Offense Level under this section is 10. If the Court were to apply U.S.S.G. § 2A2.4 when no engagement with any officer was shown by any evidence at trial, it would result in a U.S.S.G. range of 6-12 months.

   Arguably, since deadly and dangerous weapon was not charged or proven at trial in this count, technically a Section 4.C.1 reduction of -2 could be applied, reducing the U.S.S.G. total to 8 for a range to 0-6 for prison."

  e. "Mr. Mares contends that sentencing should have all counts grouped where further additional grouping points are not added."

  f. "As shown in the plea offer for Mr. Preacher and Mr. Parson[s], the U.S.S.G. range for the 5104 charge of being on Capitol grounds with a firearm is 0-6 months."

  g. "Mr. Mares notes that incarcerating him now will in effect equal levying a sentence of 7+ months prior to sentencing given that he was incarcerated for 100+ days prior to release on bond, with his date of sentencing being 108 days after the November 8, 2024 hearing."

3. *From the government:* The government calculates that the defendant's guideline range will be **10 to 16 months of imprisonment**, based on the below estimated calculations and with the understanding that the counts will group and Count Two (**12 points**) is the highest-scored offense.

  a. The government agrees with the defense calculations for Count One, with the exception that the government believes that, given the Court's findings that the defendant lied under oath on issues material to guilt, a +2 enhancement should be applied for "Obstruction of Justice," U.S.S.G. § 3C1.1. Therefore, the government's position is that, for Count One, the defendant's guideline range is 6 to 12 months of incarceration.

3

b. The government also agrees with the defense that, at the time of sentencing, the counts should all group.

c. The government disagrees with the defense that, for Count Two, 18 U.S.C. § 1752(a)(2), the same criteria apply as for Count One, 18 U.S.C. § 1752(a)(1) and (b)(1). In *United States v. Nassif*, the D.C. Circuit held that Judge Bates correctly applied Guideline 2A2.4 to the defendant's disruptive conduct which impeded the orderly conduct of Government business in a restricted building in violation of 18 U.S.C. 1752(a)(2). 97 F.4th 968 (D.C. Cir. 2024). Although the indictment did not specifically charge Nassif with impeding officers, the Circuit rejected Nassif's claim that the "Trespass" Guideline in 2B2.3 should have applied and held that "such obstruction is implicit" in the 1752 offense. *Id.* at 983. The decision is now binding precedent and covers conduct that hinders the work of government officials.

d. The government is not currently seeking the application of U.S.S.G. § 2A2.4 (b)(1)(B) as suggested by the defendant, but reserves the right to seek its application at sentencing. If the government argues that this enhancement applies at sentencing, the government expects to rely, in part, on Mr. Mares's statements in a December 27, 2020 social media post that he "believe[d] that every #patriot should on January 6 if you can't make it to Washington DC you should go to your state capitol and local mayors offices **heavily armed and drag out and either jail or execute all the known CORRUPT #politicans for treason**!" (emphasis added). In any event, the government's estimated guidelines do not include this enhancement.

4

e. As noted above, the defendant's conduct warrants an additional enhancement pursuant to U.S.S.G. §3C1.1. Specifically, if the defendant willfully obstructed the administration of justice with respect to "the investigation, prosecution, or sentencing", the enhancement increases the offense level by 2 points. Here, the Court properly convicted the defendant, noting multiple falsehoods and intentional lies during his testimony that reflected his attempt to undercut multiple elements of the charges he faced. *See* U.S.S.G. §3C1.1 n.4(F) (noting that providing materially false information to a judge warrants the enhancement). Accordingly, for Count Two, the government calculates the defendant's score as follows:

| | | |
|---|---|---|
| U.S.S.G. § 2A2.4 | Base Offense Level | 10 |
| U.S.S.G. § 3C1.1 | Obstruction of Justice | +2 |

With an offense level of **12**, the U.S.S.G. instruct that the defendant's guideline range would be **<u>10-16 months of imprisonment</u>**.

f. Count Three involves the Title 40 firearms charge. Based on review of the U.S.S.G., the government calculates the defendant's score to be 8 based on the following calculations:

| | | |
|---|---|---|
| U.S.S.G. § 2K2.5 | Base Offense Level | 6 |
| U.S.S.G. § 3C1.1 | Obstruction of Justice | +2 |

g. Because Count Four, 40 U.S.C. 5104(e)(2)(D), is a "petty offense," the U.S.S.G. do not apply and the offense carries a six-month statutory maximum penalty.

## II. Post-Conviction Remand in Other January 6 Cases

On October 31, 2024, the government orally moved the Court to remand the Defendant pending sentencing, pursuant to 18 U.S.C. § 3143(a), for the reasons stated on the record. It is the undersigned prosecutor's understanding that the Court has ordered the government to provide examples of similarly situated defendants who detained after having been convicted of a felony offense and why, and to separately address whether any January 6 defendant has been remanded in a case that did not involve a "crime of violence."

As an initial matter, undersigned counsel does not currently have a comprehensive list of all detained defendants and the specific circumstances of each individual's detention state. Nonetheless, the government has endeavored to provide a non-exhausting list of other similarly situated cases in which defendants were remanded pending sentencing:

- In *United States v. Richard Cook*, 23-cr-138-1, Judge Walton remanded the defendant (a tunnel "heave-ho" defendant) after he was convicted at trial of 18 U.S.C. § 231 (Civil Disorder) and misdemeanor offenses.

- In *United States v. William Sarsfield*, 23-cr-138-3, Judge Walton remanded the defendant (a tunnel "heave-ho" defendant) after he was convicted at trial of 18 U.S.C. § 231 (Civil Disorder) and misdemeanor offenses.

- In *United States v. Rockne Earles*, 23-cr-367, Judge Walton remanded the defendant after accepting his guilty plea to two counts of 18 U.S.C. § 111(a)(1) (Assault of a Federal Officer).

- In *United States v. John Sullivan*, 21-cr-78, Judge Lamberth remanded the defendant after he was convicted at trial of 18 U.S.C. §§ 1512(c)(2) (Obstruction of Justice), 231(a)(3) (Civil Disorder), and 1752(a)(1) & (b)(1)(A) (Entering and Remaining in a Restricted Building or Grounds with a Dangerous Weapon), and other offenses. Of note, the "dangerous weapon" Sullivan possessed was a knife, not a firearm.

- In *United States v. Joshua Dale*, 24-cr-389, Judge McFadden remanded the defendant after accepting a plea to a misdemeanor count of 18 U.S.C. § 1361 (Destruction of Government Property) based, in substantial part, on the defendant's poor compliance on pretrial release.

As the Court knows, "crimes of violence" are a technical term utilized by the federal code and are often treated differently. For example, under 18 U.S.C. § 3143(a)(2), convictions for crimes of violence generally require immediate detention, absent specific and compelling circumstances. Here, the government does not contend that the defendant's convictions are crimes of violence in any technical sense. Nonetheless, the above list also excludes such crimes as well (*i.e.*, neither 18 U.S.C. § 231 nor § 111(a) are considered crimes of violence for the purpose of this filing).

*From the defense:* "The defense found no cases—outside of crimes of violence, including Section 231 that involved intentional physical contact with police, prior failure to abide by release conditions, and government assertions that the defendant became a flight risk given the lengthy sentence faced by conviction—where the defendant was stepped back from prior release on bond."

Government counsel has conferred with defense counsel, who concurs in the filing of this Post-Trial Status Report as a joint statement.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:   /s/ *Ryan Sellinger*
　　　Ryan Sellinger
　　　Katherine E. Boyles
　　　Assistant U.S. Attorneys
　　　New York Bar #5521729
　　　United States Attorney's Office
　　　601 D Street NW
　　　Washington, D.C. 20001
　　　Phone: 202-815-8709
　　　Email: Ryan.Sellinger@usdoj.gov