UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

MARIO MARES,

*Defendant*.

Case No. 1:23-cr-00252-ACR

### ORDER

Before the Court is the Government's Motion to Dismiss the Indictment with prejudice pursuant to Federal Rule of Criminal Procedure Rule 48(a), Dkt. 59, to which Defendant Mario Mares consents, Dkt. 60. Pursuant to Rule 48(a) and President Trump's Executive Order dated January 20, 2025, the Court **GRANTS** the Government's Motion.

This case stems from actions Defendant took on January 6, 2021. The counts against him included trespassing on Capitol Grounds and engaging in disorderly or disruptive conduct while carrying a concealed weapon (a handgun). Because the possession charge was the only felony count, whether Defendant possessed a gun while on Capitol Grounds was the key disputed issue. If found guilty on that count, Defendant would have faced significant prison time. On October 31, 2024, after a five-day bench trial, the Court found Defendant guilty beyond a reasonable doubt on each of the four criminal counts against him.

Defendant, like any criminal defendant, had at least three options when faced with his indictment. He could have: (1) accepted responsibility, cooperated with the Government, and pled guilty; (2) invoked his constitutional right to a fair trial and required the Government to meet its burden while remaining silent; or (3) invoked his constitutional right to a fair trial, required the government to meet its burden, and voluntarily elected to testify.

1

Defendant chose the third option, which was his right.[1]  He did not, however, have the right to testify falsely.  He did so notwithstanding the Court's reminder that he had a constitutional right to remain silent that the Court would scrupulously honor:

> THE COURT: Mr. Mares, just as a reminder, you have a Fifth Amendment right to remain silent if you so with, and I would not hold that against you.  Do you still wish to proceed?
> THE WITNESS [Mr. Mares]: Yes, ma'am.

Trial Tr. (October 3, 2024) at 3.  Defendant testified that he did not carry a handgun on Capitol Grounds and did not know his two co-travelers had handguns on them during their trip from Texas to Washington, D.C.  Trial Tr. (October 3, 2024) at 8–9; 34.  After hearing the evidence, which included live testimony from his two co-travelers, the Court concluded beyond a reasonable doubt that Defendant was not truthful on these and other key points.  Verdict Tr. (October 31, 2024) at 7–8.

The Court delivered a guilty verdict on all counts.  Later, Defendant's attorney suggested that while "[t]he Government and [the Court] may call it lying, [Defendant] gave you his version of truth during the trial."  Verdict Tr. (October 31, 2024) at 45–46.  But we are not dealing here with Schrödinger's guns.[2]  Either Defendant had a gun on him on January 6, 2021, or he did not.  Either he knew his friends had guns on them, or he did not.  He did as to both.

---

[1] Every other January 6 defendant before this Court opted for options one or two, save one.  That defendant, who testified, was convicted by a jury of his peers.  At sentencing, the Court rejected the Government's push for a harsher sentence due to the defendant's alleged false testimony.  Verdict Tr. (Jan. 24, 2024), No. 21-cr-536, at 19–20.  The Court was not convinced there, as it is here, that the defendant lied about critical parts of his case.  *Id.*; *see also id.* at 21–22 ("Defendants have a constitutional right to take the stand in their own defense.  They should not be punished for exercising that right absent clear circumstances [of perjury] not present here.")

[2] "Schrödinger's cat" explores the idea that quantum particles can be in two states at once until they are observed, *i.e.*, quantum superposition.  *See* Erwin Schrödinger, *Die gegenwärtige Situation in der Quantenmechanik* [The Present Situation in Quantum Mechanics], 23 *Naturwissenschaften* 807 (1935).

But for Defendant's decision to testify falsely, the Court would have dismissed this case with prejudice by Minute Order, as it has done for all other January 6 defendants. The Court, however, cannot remain silent regarding an individual's choice to interfere with the judicial process.

Therefore, the Court:

**ORDERS** that the Government's Motion to Dismiss the Indictment with prejudice pursuant to Federal Rule of Criminal Procedure Rule 48(a), Dkt. 59, is **GRANTED**.

Date: March 4, 2025                     _____
                                        ANA C. REYES
                                        United States District Court Judge